UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA 24CV-09013-JAK (AGRx) | Date | June 25, 2025 |
|---|---|---|---|
| Title | Franco v. FCA US, LLC, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Daniel Torrez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND (DKT. 17)

**I.    Introduction**

On September 4, 2024, Karla Franco ("Plaintiff" or "Franco") brought this action against FCA US, LLC ("Defendant" or "FCA") and Does 1–20 in the Los Angeles Superior Court, asserting claims arising from Plaintiff's purchase of a Jeep Wrangler from Defendant. Dkt. 1-1.[1] The Complaint advances two causes of action: (i) breach of implied warranty of merchantability under the Song-Beverly Act; and (ii) breach of express warranty under the Song-Beverly Act. *Id.* On October 18, 2024, Defendant filed a notice of removal on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. Dkt. 1.

On January 27, 2025, Plaintiff filed a Motion for Remand to State Court ("Motion"). Dkt 17. On February 10, 2025, Defendant filed an opposition. Dkt. 20. On February 14, 2025, Plaintiff filed a reply. Dkt. 21. A hearing on the Motion was held on March 10, 2025, and the matter was taken under submission. Dkt. 26. For the reasons stated in this Order, the Motion is **DENIED**.

**II.   Background**

    A.    Parties

It is alleged that Plaintiff is an individual who purchased a new 2022 Jeep Wrangler (the "Vehicle"). Dkt. 1-1 ¶¶ 5–6.

It is alleged that Defendant is a Delaware limited liability company that does business in Los Angeles, California. *Id.* ¶ 1. It is alleged that Defendant has been engaged in the manufacture, sale, distribution, and/or importing of Jeep motor vehicles. *Id.* It is alleged that Defendant's principal place of business is in Michigan. Dkt. 1 ¶ 18. It is alleged that Defendant's sole member is FCA North America Holdings LLC, which is a Delaware limited liability company whose principal place of business is also in Michigan. *Id.* ¶ 19. It is alleged that the sole member of FCA North America Holding is FCA Holdco B.V., which is a company organized in the Netherlands that is wholly owned by Stellantis N.V., which is a publicly traded company, which is incorporated in the Netherlands. *Id.* ¶ 20.

---
[1] Pursuant to Local Rule 19-1, Does 11-20 are dismissed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA 24CV-09013-JAK (AGRx) | Date | June 25, 2025 |
|---|---|---|---|
| Title | Franco v. FCA US, LLC, et al. | | |

### B. Allegations in the Complaint

It is alleged that the Vehicle was a "new motor vehicle" under the Song-Beverly Act. Dkt. 1-1 ¶ 6. It is alleged that, on July 18, 2022, Plaintiff purchased the Vehicle for personal use. *Id.* ¶ 5. It is alleged that, at the time of purchase, Plaintiff received certain written warranties and "other express and implied warranties" about the fitness, reliability and safety of the Vehicle, including that the Vehicle would be free from certain defects. *Id.* ¶ 7. It is alleged that Plaintiff received warranties that Defendant would perform repairs and maintenance necessary to ensure that the Vehicle was free from certain defects. *Id.* It is also alleged that the warranty provided that Defendant would maintain the utility of the Vehicle for a period of three years (or 36,000 miles) under a basic warranty and five years (or 100,000) miles under a powertrain warranty. *Id.*

It is alleged that Plaintiff took the Vehicle to authorized service facilities or agents of the Defendant on at least three different occasions because it was not functioning properly as warranted. *Id.* ¶ 9. It is alleged that on each of these visits, Plaintiff notified Defendant or its representatives of the defects in the Vehicle and demanded that they complete any necessary maintenance to conform the Vehicle to the warranties. *Id.* ¶ 11. It is alleged that, each time, Defendant or its representatives told Plaintiff that they could, would, and later that they had conformed the Vehicle to the warranties. *Id.* ¶ 12. It is alleged that Defendant or its representatives failed to conform the Vehicle to the warranties and that the defects remain after a reasonable number of repair attempts. *Id.*

### III. Analysis

#### A. Legal Standards

Except as prohibited by Congress, any civil action brought in a state court may be removed by the defendant to a federal court if, at the time of removal, there is original jurisdiction over the action. 28 U.S.C. § 1441(a). Original jurisdiction may be established through federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction is present "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. § 1331. Diversity jurisdiction is present where the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. *See* 28 U.S.C. §§ 1332, 1441.

A motion to remand is the procedural means to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). A motion to remand may raise either a facial or a factual challenge to the defendant's jurisdictional allegations made in support of removal. *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). "A facial attack accepts the truth of the [jurisdictional] allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) (quoting *Salter v. Quality Carriers*, 974 F.3d 959, 964 (9th Cir. 2020) (internal quotation marks omitted). In contrast, a factual attack "contests the truth of the [jurisdictional] factual allegations, usually by introducing evidence outside the pleadings." *Id.* (quoting *Salter*, 974 F.3d at 964 (internal quotation marks omitted)).

In response to a facial attack, the defendant is not required to present evidence in support of removal jurisdiction. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019). Thus, when the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA 24CV-09013-JAK (AGRx) | Date | June 25, 2025 |
| Title | Franco v. FCA US, LLC, et al. | | |

moving party does not contest the factual allegations made the removal notice but instead asserts that those allegations are facially insufficient to show federal jurisdiction, the factual allegations are deemed true and all reasonable inferences are drawn in favor of the removing party. *DeFiore v. SOC LLC*, 85 F.4th 546, 552 (9th Cir. 2023).

Only upon a factual attack must a defendant support its allegations with competent and admissible evidence that establishes them under the preponderance of the evidence standard. *Leite*, 749 F.3d at 1122; *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014)) (when removal is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence," whether the elements of removal have been satisfied).

Because federal courts are courts of limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Env't. Remediation, L.L.C. v. Dep't of Health & Env't. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

    B.    Application

Plaintiff moves to remand this case on the grounds that Defendant has not met its burden to show the basis for diversity jurisdiction. Dkt. 17 at 4. Thus, Plaintiff contends: (1) Defendant has not plausibly alleged complete diversity of citizenship, *id.* at 4–5; and (2) Defendant has not shown that the amount in controversy exceeds $75,000. *Id.* at 5–6.

    1.    <u>Diversity of Citizenship</u>

To justify removal based on diversity jurisdiction, the removing party has the burden of pleading minimal diversity. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Complete diversity of citizenship is required*, i.e.,* "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)). With respect to diversity jurisdiction, an individual is a citizen of the state where he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is his or her permanent home, which is where he or she resides with the intention to remain or to which he or she intends to return. *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)).

The Notice of Removal alleges that Plaintiff is, and was at the time of filing the Complaint, a resident of California. Dkt. 1 ¶ 17. Defendant has submitted the 2022 sales contract between Defendant and Plaintiff in which her home address is shown as one in California. Dkt. 20-1 at 4. Defendant has also proffered service repair invoices from January 5, 2023, July 3, 2023, December 26, 2023, May 8, 2024, August 7, 2024, and August 21, 2024, each of which shows that Plaintiff's home address is in California. *Id.* at 10–20. Defendant contends that, without evidence to the contrary, it may rely on Plaintiff's continued residence at the same address to establish that Plaintiff's domicile is California. Dkt. 1 at ¶ 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA 24CV-09013-JAK (AGRx) | Date | June 25, 2025 |
|---|---|---|---|
| Title | Franco v. FCA US, LLC, et al. | | |

Plaintiff presents a facial attack on diversity jurisdiction. She does not dispute Defendant's citizenship nor the showing that she resides in California. Dkt. 17 at 4–5. Nor does she claim that she is not a citizen of California. *Id.* She also does not challenge the admissibility or accuracy of Defendant's evidence. *Id.* Instead, Plaintiff challenges diversity solely on the basis that Defendant has not submitted sufficient evidence of Plaintiff's citizenship/domicile because residency alone is not sufficient to show citizenship. *Id.*

A defendant need only provide "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Defendant has met this requirement by alleging that it was a citizen of the Netherlands, and that Plaintiff is a resident and citizen of California. *See Giannattasio v. McLaren Auto., Inc.*, No. 23-CV-00066-WHO, 2023 WL 3138979, at *4 (N.D. Cal. Mar. 26, 2023); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, MDL No. 2672-CRB (JSC), 2019 WL 670608, at *4 (N.D. Cal. Feb. 19, 2019) (concluding that allegations that "Plaintiff is a citizen and resident of California" were sufficient to survive a facial challenge to diversity jurisdiction).

To the extent that Plaintiff proffers a factual attack on diversity, this argument is unpersuasive. To be sure, "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter*, 265 F.3d at 857. The Ninth Circuit has not adopted the rule that a person's residence is *prima facie* evidence of the person's domicile. *Ehrman*, 932 F.3d at 1228. However, the Ninth Circuit has recognized that it "is a longstanding principle that '[t]he place where a person lives is taken to be his domicile until facts adduced establish the contrary.'" *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) (quoting *Anderson v. Watts*, 138 U.S. 694, 706 (1891)). Further, "[a]t minimum, a person's residence constitutes *some* evidence of domicile." *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (citing *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013)) (emphasis in original). Moreover, a "court should consider 'the entire record' to determine whether evidence of residency can properly establish citizenship." *Mondragon*, 736 F.3d at 886 (citation omitted). "As a general proposition, district courts are permitted to make reasonable inferences from facts in evidence." *Id.*

In this action, Plaintiff has proffered no evidence about where she resides or is domiciled. Defendant has proffered evidence that Plaintiff resided in California for at least the two years when the events alleged in the Complaint occurred, and that her personal property -- the Vehicle at issue in this action -- is located in California. *See Lew*, 797 F.2d at 750 (location of personal property is a relevant favor in determining domicile). Other courts in the Ninth Circuit have found that purchase agreements, lease agreements, and service orders are sufficient to support allegations of domicile and citizenship. *See, e.g.*, *Kozlowski v. FCA US LLC*, No. 1:21-cv-00896-DAD-JLT, 2021 WL 5356474, at *3 (E.D. Cal. Nov. 17, 2021) (vehicle sales contract); *Ghebrendrias v. FCA US LLC*, No. 2:21-cv-06492-VAP-(PDx), 2021 WL 5003352, at *3 (C.D. Cal. Oct. 28, 2021) (purchase agreement and repair order); *El-Said v. BMW of N. Am., LLC*, No. 8:19-cv-02426, 2020 WL 1187171, at *3 (C.D. Cal. Mar. 11, 2020) (sales contract).

For these reasons, Defendant has shown by a preponderance of the evidence that Plaintiff is domiciled in, and is a citizen of California. Defendant is a citizen of the Netherlands. *See Petropolous v. FCA US, LLC*, No. 17-CV-0398 W (KSC), 2017 WL 2889303, at *5 (S.D. Cal. July 7, 2017) (FCA US, LLC is a citizen of the Netherlands). Accordingly, diversity of citizenship has been established and this element of jurisdiction is satisfied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA 24CV-09013-JAK (AGRx) | Date | June 25, 2025 |
| Title | Franco v. FCA US, LLC, et al. | | |

      2.      <u>Amount in Controversy</u>

When an action is removed based on diversity jurisdiction, the removing party also bears the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). Thus, "[t]he amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.'" *Id.* at 416 (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)). The amount in controversy is assessed at the time of removal. *Id.* at 417. Thus, it "is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Id.* at 415. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

"If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 84 (quoting 28 U.S.C. § 1446(c)(2)). "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Id.* (citing 28 U.S.C. § 1446(c)(2)(A)). A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89 (citing 28 U.S.C. § 1446(a)). If the plaintiff contests the defendant's allegation, then the defendant must prove by a preponderance of the evidence that the amount-in-controversy exceeds $75,000. *Id.* (citing 28 U.S.C. § 1446(c)(2)(B)). The parties "may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Additionally, the defendant may rely on "reasonable assumptions underlying the defendant's theory of damages exposure." *Id.* at 1198.

      (a)      Actual Damages

The Complaint seeks damages under the Song-Beverly Act. Dkt. 1-1 at 13. Under that statute, actual damages include "restitution in an amount equal to the actual price paid or payable by the buyer," reduced by "[t]he amount directly attributable to use by the buyer" prior to delivery of the vehicle back to the dealer for correction of the problem that gave rise to the nonconformity with the warranty. Cal. Civ. Code § 1793.2(d)(2)(B)–(C). The actual price paid or payable by the buyer includes "any charges for transportation and manufacturer-installed options, but excluding nonmanufacturer items installed by a dealer or the buyer, and including any collateral charges such as sales or use tax, license fees, registration fees, and other official fees." Cal. Civ. Code § 1793.2(d)(2)(B). The actual price paid or payable by the buyer also includes any finance charges that have been paid. *See Mitchell v. Blue Bird Body Co.*, 80 Cal. App. 4th 32, 37 (2000).

The set-off amount is determined by multiplying the "actual price of the new motor vehicle paid or payable by the buyer . . . by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA 24CV-09013-JAK (AGRx) | Date | June 25, 2025 |
|---|---|---|---|
| Title | Franco v. FCA US, LLC, et al. | | |

vehicle" for correction of the problem. Cal. Civ. Code § 1793.2(d)(2)(C).[2] The equation is: (X/120,000) multiplied by the price paid or payable for the vehicle, where X is the number of miles driven prior to the time the vehicle was first delivered for repair. *See id.*

The Complaint does not include allegations as to the total amount of actual damages. Plaintiff contends that her recovery is limited to the amount paid to the seller and that Defendant has provided no evidence as to how many payments she has already made. Dkt. 21 at 5 (citing *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002)). *Brady* is distinguishable. There, actual damages were calculated as to a leased vehicle. *Brady*, 243 F. Supp. 2d at 1005–06. Here, it is alleged that Plaintiff purchased the vehicle. Dkt. 1-1 ¶ 5.

Defendant has provided evidence as to the purchase price, finance costs, miles driven, and payments by Plaintiff.[3] The purchase price was $77,291.94. Dkt. 3 ¶ 5. Plaintiff made a down payment of $8,087.94. *Id.* ¶ 8. At the time of removal, Plaintiff had paid a total of $23,990.72 through September 2024 through monthly payments of $922.72. *Id.* At the time of removal, Plaintiff had 49 remaining payments due, which totaled $45,213.28. *Id.* Accordingly, the sum of the amount paid and the amount that remained payable was $77,291.94. *See Amavizca v. Nissan N. Am., Inc.*, No. EDCV22-02256-JAK (KKx), 2023 WL 3020489, at *4 (C.D. Cal. Apr. 19, 2023) (the actual damages are the total sales price where the defendant submitted a copy of the RISC showing the total sale price, the amount financed, the applicable interest rate, and the payment structure); *Solis v. Nissan N. Am. Inc.*, No. CV 24-00728-MWF (Ex), 2024 WL 1311275, at *4 (C.D. Cal. Mar. 27, 2024) (the actual damages to be total purchase price).

As noted above, the restitution awardable under § 1793.2(d)(2)(B) must be reduced by the amount directly attributable to use by the consumer, which is measured by miles driven, prior to the first repair (or attempted repair) pro-rated against a base of 120,000 miles. Cal. Civ. Code § 1793.2(d)(2)(B). In the Complaint and its exhibits, Plaintiff does not allege what the appropriate mileage offset should be. Defendant states that the first repair order was on August 6, 2024, and that the vehicle had been driven 29,970 miles at that time. Dkt. 20 at 7–8 (citing Dkt. 20-1 ¶ 4). Defendant states that this generates an offset of $12,182.16. *Id.* at 8. This calculation is correct.[4] Applying these figures shows that $77,291.94 less $12,182.16 is $65,109.78.

Based on Defendant's submissions, to which Plaintiff has neither objected nor proffered a different calculation, it has been shown by a preponderance of the evidence that the Complaint seeks $65,109.78 in actual damages.

---

[2] In general, the amount in controversy calculation does not take into account affirmative defenses, counterclaims and potential offsets. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (the complaint's disclosure of "the existence of a valid defense to the claim" cannot be grounds for showing failure to meet the amount-in-controversy threshold). However, with respect to the amount attributable to the buyer's use of the vehicle under Cal. Civ. Code § 1793.2(d)(2)(C), the Ninth Circuit has held that this "use offset" is properly included in determining the jurisdictional amount. *Schneider v. Ford Motor Co.*, 756 Fed. App'x. 699, 701 (9th Cir. 2018).

[3] The Retail Installment Sales Contract ("RISC") attached to the Complaint differs slightly from the one attached to the Notice of Removal. However, the difference is not material to the issues addressed in this Order.

[4] 29,970 miles – 20 at-purchase miles = 29,950 miles. (29,590 miles/120,000) x $48,810.00 (cash price of vehicle) = $12,182.16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA 24CV-09013-JAK (AGRx) | Date | June 25, 2025 |
|---|---|---|---|
| Title | Franco v. FCA US, LLC, et al. | | |

      (b)    Civil Penalties

Under the Song-Beverly Act, a plaintiff may be entitled to a civil penalty no greater than twice the amount of actual damages if a defendant's violations were willful. Cal. Civ. Code § 1794(c). The Complaint seeks the full amount of this civil penalty; it alleges that Defendant intentionally refused to comply with the Song-Beverly Act. Dkt. 1-1 ¶¶ 20, 31. Where a complaint alleges willful violations of the Song-Beverly Act and requests the imposition of the full penalty, courts have included the aforementioned maximum civil penalty in calculating the amount in controversy. *Amavizca*, 2023 WL 3020489, at *6 (collecting cases).

Other cases cited by Plaintiff, are distinguishable. The complaints in those cases did not include allegations of willfulness sufficient to support the basis for the imposition of a civil penalty. *Id.* at *7; see *Castillo v. FCA USA, LLC*, 19-CV-151-CAB (MDDx), 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) (defendant must make some specific argument for including civil penalties in the amount in controversy, *e.g.*, allegations in the complaint that there would be a basis for such an award). In contrast, the Complaint alleges that Defendant intentionally violated the Song-Beverly Act. Dkt 1-1 ¶¶ 20, 31. The Complaint alleges that Plaintiff delivered the Vehicle to the Defendants' authorized service and repair facilities, agents or dealers on at least three occasions. *Id.* ¶¶ 9–10. The Complaint alleges that when the Vehicle was presented for repair, Plaintiff demanded that Defendants repair the vehicle to conform with the applicable warranties. *Id.* ¶ 11. The Complaint alleges that Defendants represented to Plaintiff that they would conform the Vehicle to the applicable warranties. *Id.* ¶ 12. The Complaint alleges that despite this representation, Defendants failed to do so. *Id.* The Complaint alleges that Defendants knew their obligations under the Song-Beverly Act, yet intentionally refused to make restitution or repayment. *Id.* ¶¶ 20, 31. Because the Complaint alleges a basis for the imposition of a civil penalty, with alleged actual damages of $65,109.78, the maximum civil penalty alleged would be twice this amount, *i.e.*, $130,219.56.

Defendant has shown by a preponderance of the evidence the alleged actual damages and civil penalties total approximately $195,329.34.[5] Plaintiff also seeks an award of attorney's fees and punitive damages, which would increase this amount. However, because it has already been shown that the amount in controversy exceeds $75,000, it is unnecessary to analyze the amount of a potential fee award.

                  *           *           *

Because Defendant has shown by a preponderance of the evidence that there is diversity of citizenship and that the amount in controversy exceeds $75,000, there is subject matter jurisdiction over this action.

      3.    <u>Comity</u>

Plaintiff contends that, even if diversity jurisdiction is shown, it should not be exercised for reasons of comity. Thus, Plaintiff argues that California state courts are a more appropriate forum to address the matters presented in this litigation because Plaintiff's causes of action are based on California law. Dkt.

---

[5] Defendant incorrectly calculates this as $207,511.50, Dkt. 20 at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA 24CV-09013-JAK (AGRx) | | Date | June 25, 2025 |
|---|---|---|---|---|
| Title | Franco v. FCA US, LLC, et al. | | | |

17 at 8–9. Plaintiff cites *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 313 (2005), to support this position. *Grable* explained that federal question jurisdiction may be triggered by a substantial and actually contested issue of federal law within a state cause of action. *Grable*, 545 U.S. at 314. *Grable* does not provide any authority for a district court to decline to exercise its jurisdiction over a case when the requirements of diversity jurisdiction have been satisfied. *See Bratton v. FCA US LLC*, No. 17-CV-01458-JSW, 2017 WL 11687946, at *9 (N.D. Cal. June 22, 2017). Further, the Ninth Circuit has instructed that "[d]istrict courts sitting in diversity . . . lack the option of refusing state law claims out of consideration for 'judicial economy, convenience, fairness, and comity.'" *BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 793 (9th Cir. 2009) (Fisher, J., concurring) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

Plaintiff also contends that allowing removal of Song-Beverly Act cases based on claims for the imposition of civil penalties would prevent all Song-Beverly claims from being litigated in a state court because most vehicles cost more than $25,000. Dkt. 17 at 9–10. This argument fails for two reasons. *First*, there must be complete diversity of citizenship between the parties to establish federal jurisdiction. *Second,* there is no basis to conclude that the defendant in every case would elect to remove the action.

**IV.     Conclusion**

For the reasons stated in this Order, the Motion is **DENIED**.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | DT | |